[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, the First Selectman of the Town of Oxford, appeals the decision issued by the defendant Freedom of Information Commission (FOIC) ordering the plaintiff to provide to Edward Oczkowski copies of information sought, free of charge, and to strictly comply with public records requirements of General Statutes §§ 1-15 (a) and 1-19 (a). For the reasons set forth below, the court finds in favor of the plaintiff and sustains the appeal.
This case arises out of an oral request made by Mr. Oczkowski to the First Selectman's administrative assistant, Carl Serus, for information regarding settlement negotiations between the Town of Oxford and a construction company which was hired to build the Quaker Farms School. The pertinent facts are as follows:
In the late 1980s, the Town of Oxford contracted with Vinco Co. to build the Quaker Farms School. As a result of problems during the construction, several breach of contract claims arose. In late 1995, the town counsel had nearly completed negotiations for a draft proposal to settle the town's claims against the project engineer and architect for a fixed sum of money. (Return of Record [ROR], Item H: Minutes of Special Meeting of Board of Selectmen). In connection with the proposed settlement, the town counsel requested and received provisional releases of any claims CT Page 9299 against the town by the project engineer and architect, and held those provisional releases pending a determination by the Board of Selectmen as to whether to accept the settlement. (ROR, Item I, pp. 8-9, 11, 18).
A special meeting of the Board of Selectmen was scheduled for April 24, 1996, at 7:30 p. m., to vote on the proposed settlement. (ROR, Item G: Letter from Town Clerk to Kate Cosgrove). In the afternoon prior to the meeting on April 24, Mr. Oczkowski orally requested from Mr. Serus "the finalized paperwork from the board of selectmen who had agreed to make a final settlement with the construction of Quaker Farms School." (ROR, Item I, pp. 3-4, 7, 14). When Mr. Serus told Mr. Oczkowski that no such paperwork existed, Mr. Oczkowski traveled to the Freedom of Information offices in Hartford to file a complaint that afternoon. (ROR, Item A; ROR, Item B). Mr. Oczkowski also attended the 7:30 p. m. special meeting of the Board of Selectmen, at which he voiced his objection to the settlement. (ROR, Item H, p. 2). The Board of Selectmen ultimately voted to approve the negotiated settlement. (ROR, Item H, p. 3).
On August 6, 1996, the FOIC held a hearing on the complaint; (ROR, Item I); and on December 16, 1996, sent notice of its final decision, finding in favor of Mr. Oczkowski. (ROR, Item K). On January 30, 1997, the plaintiff filed this appeal.
It is clear from the record of the hearing held before the FOIC on August 6, 1996, that Mr. Oczkowski did not make a request in writing to the first selectman of Oxford for paperwork or facts regarding the Oxford school building dispute. In fact, the record indicates at that time no paperwork in writing relative to a settlement of the pending litigation was in existence.
At the meeting of the Board of Selectmen held on April 24, 1996, an oral report was given by the town counsel concerning the litigation. The record of this meeting indicates Mr. Oczkowski was present; however Mr. Oczkowski made no request in writing or orally for any paperwork. In fact, he had already filed his complaint with the FOIC prior to the meeting.
The only so-called paperwork involved were the town's unsigned release being held in escrow by the town counsel. Releases are not agreements. Further, the "agreement" Mr. Oczkowski may have been referring to was an oral report or recommendation to the Board by the town counsel recommending a CT Page 9300 settlement of the school building dispute for a sum of money. The purpose of the meeting of the Board of Selectmen was to hear this oral report and the recommendations of the town counsel concerning the further pursuit of litigation then in progress.
The town counsel was holding in escrow the town's unsigned release until such time as the Board of Selectmen approved his recommendation. If his recommendation was not approved, the unexecuted release would be returned and the litigation would continue.
So-called "paperwork" from ongoing and pending litigation is exempt from disclosure under the Freedom of Information. Rules. (See ROR, Item I, p. 9). See General Statutes § 1-19 (b)(4).
Having reviewed the transcripts and records of the hearing held April 24, 1996 and the transcript before the FOIC on August 6, 1996, this court makes the following findings:
1. There was no evidence in either record that Edward Oczkowski submitted a written request for any information to Mr. Serus or to the first selectman.
2. The unsigned release was held in escrow by the town counsel as part of the ongoing and pending litigation and was exempt from disclosure. (Refer to Mr. Serus' testimony before the FOIC). General Statutes § 1-19 (b)(4).
3. There is nothing in the transcript to verify that prior to the hearing on April 24, 1996, there was a "settlement document" in the hands of the first selectman or Mr. Serus.
4. There is no evidence in the transcripts that there was a negotiated agreement document in the hands of Mr. Serus.
5. The release was not executed and was not filed with the Town of Oxford until after the meeting of April 24, 1996.
6. The litigation over the school was not settled until after the oral report of the town counsel was accepted and approved by the Board of Selectmen, after the hearing on April 24, 1996. There is no evidence contrary to this contained in the record.
7. At the special meeting held on April 24, 1996, the Board of Selectmen agreed to accept the oral recommendation of the town CT Page 9301 counsel and authorized a settlement of $45,000 to end the ongoing litigation concerning the school construction.
8. The unexecuted release being held in escrow by the town counsel was not a public record subject to disclosure under the FOI Act, nor was such unexecuted release maintained or kept on file by the Town of Oxford.
The decision of the FOIC is not supported by the substantive evidence on the record.
The appeal is sustained.
Coppeto, J.